UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| Henry H. Riley | ] | |
| Plaintiff | ] | |
| | ] | 3:21-CV- 125 - DJN |
| v. | ] | |
| | ] | **JURY DEMANDED** |
| Experian Information Solutions, Inc. | ] | |
| Trans Union, LLC | ] | |
| Synchrony Bank | ] | |
| Defendants | ] | |

## COMPLAINT

Mr. Riley, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act.

## PRELIMINARY STATEMENT

1. This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.*

---

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## JURISDICTION, VENUE and JURY DEMAND

2. This court has jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

4. The court has personal jurisdiction over the defendants because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

5. **TRIAL BY JURY IS DEMANDED.**

## PARTIES

6. Plaintiff is a natural person and a resident of the Commonwealth of Virginia.

7. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8. Experian Information Solutions, Inc (hereinafter "Experian") is an California Corporation, registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. TransUnion, LLC (hereinafter "TransUnion") is an Illinois Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. Upon information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

12. Synchrony Bank (hereinafter "Synchrony") is a national bank headquartered in Utah, NOT registered with the Virginia State Corporation Commission.

13. Upon information and belief, Synchrony is a furnisher of information to Equifax, TranUnion and Experian.

## FACTS

14. Plaintiff was the victim of fraud starting in about 2015..

15. An unknown person opened and used an account with Synchrony Bank, racking up charges in excess of $100,000 (one hundred thousand dollars). That person was not the plaintiff and not authorized by plaintiff to do so.

16. On information and belief the account was a "Banana Republic" VISA card, a branded card owned by Synchrony Bank.

17. The account was opened and used during a period of time that the plaintiff was overseas. On information and belief, the statements were sent to an address in California, where the plaintiff has never lived or received mail.

18. Upon discovering that the account existed and was severely in default, plaintiff contacted Synchrony to advise them of the fraud. Plaintiff provided a number of documents to Synchrony directly.

19. Synchrony has since then, referred the account to at least 2 debt collectors.

20. Subsequently, plaintiff also provided those documents to all 3 national consumer credit reporting agencies, Equifax, TransUnion and Experian in May of 2019.

21. Equifax has now removed the account from plaintiff's credit file.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

22. Defendant Synchrony failed to update their system and reported that the loan was owed and in default by the plaintiff's.

23. Plaintiff disputed the Synchrony account to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, in May of 2019.

24. On information and belief, Experian either to forwarded all the relevant information to Synchrony or failed to do so.

25. On information and belief, TransUnion forwarded all the relevant information to Synchrony or failed to do so.

26. On information and belief, Experian conducted no investigation of their own into the error claimed at all and parroted the information provided by Synchrony.

27. On information and belief, Experian failed to have a procedure to assure maximum possible accuracy by allowing an account that was refinanced with another company, and paid off to show a delinquency and open balance.

28. On information and belief, upon receipt of the dispute from Experian, Synchrony verified that the money was owed, and again, failed to conduct a reasonable reinvestigation of the account.

29. On information and belief, upon receipt of the dispute from TransUnion, Synchrony verified that the money was owed, and again, failed to conduct a reasonable reinvestigation of the account.

30. On information and belief, TransUnion conducted no investigation of their own, and parroted the information provided by Synchrony.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

31. On information and belief, TransUnion failed to have a procedure to assure maximum possible accuracy by allowing an account that was procured by fraud to remain on the credit file of the plaintiff.

32. On information and belief, Synchrony failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they had been reviewing the documents, they would have known that the account in question was not opened or used by the plaintiff.

33. On information and belief, Synchrony has failed to modify or delete the false information as, if they had done so, they would have updated the false information to show that the account was not owed and not delinquent.

34. Upon information and belief, after notice of the account being the result of identity theft or fraud, Synchrony sold the account to another party, which violates 15 USC 1681s-2[a][6]B.

35. As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit and being chilled from applying for credit.

### COUNT ONE:
### CLAIM FOR RELIEF
### AS TO SYNCHRONY BANK
### 15 U.S.C. §1681s-2[b]

36. Plaintiff restates and re-alleges all previous paragraphs herein.

37. Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

38. Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

39. Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

40. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

41. Defendants have done so either negligently or willfully.

42. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

43. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## COUNT TWO
CLAIM FOR RELIEF As to Experian and TransUnion.
15 U.S.C. §1681e[b]

44. Plaintiff restates and realleges all previous paragraphs herein.

45. Defendants have violated 15 U.S.C. §1681e[b] in that they failed to maintain a procedure to assure maximum possible accuracy.

46. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

47. Defendants have done so either negligently or willfully.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

48. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

49. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT THREE
CLAIM FOR RELIEF As to Experian and TransUnion.
15 U.S.C. §1681i[a]

50. Plaintiff restates and realleges all previous paragraphs herein.

51. Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in the plaintiff's credit file.

52. Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of the information.

53. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information provided by the consumer.

54. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

55. Defendants have violated 15 U.S.C. §1681i[a][5][C] in that they failed to a procedure to prevent the occurrence of false, inaccurate, or unverifiable information.

56. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

57. Defendants have done so either negligently or willfully.

58. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

59. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

                                              **Henry H. Riley**

                                              /s/ Jason M. Krumbein, Esq.
                                              Jason M. Krumbein, Esq. VSB#43538
                                              JKrumbein@KrumbeinLaw.com (e-mail)
                                              Counsel for Plaintiff
                                              1650 Willow Lawn Drive, Suite 201
                                              Richmond, VA 23230
                                              804.592.0792
                                              804.673.4350 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for Henry H. Riley.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.673.4350 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)